Filed 7/10/14  P. v. Martinez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065343 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD144092) |
| JUAN C. MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Appellate Defenders, Inc. and Patricia Ihara, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

PROCEDURAL BACKGROUND

In July 1999 a jury found Juan C. Martinez guilty of four felonies:  assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1]; assault with force likely to produce

---

1       All subsequent undesignated statutory references are to the Penal Code.

great bodily injury (§ 245, subd. (a)(1)); and two counts of attempted unlawful taking of a vehicle (§ 664; Veh. Code, § 10851, subd. (a)). In connection with the assault charges, the jury found appellant had personally used a deadly weapon (§ 1192.7, subd. (c)(23)) and inflicted great bodily injury upon a person who was not an accomplice (§ 12022.7, subd. (a)). The jury also found appellant guilty of three misdemeanors as lesser included offenses of three other charged felonies.

In a bifurcated proceeding, the jury found true allegations defendant had suffered four prior felony convictions: unlawful taking of a vehicle (Veh. Code, § 10851); escape (§ 4532, subd. (b)(1)); and two robberies (§ 211) (serious/violent felony prior convictions within the meaning of section 667, subdivisions (b) through (i)). After dismissing the jury, the court found true allegations defendant had suffered a serious felony prior (§§ 667, subd. (a)(1), 1192.7, subd. (c)(19)); a prison prior (§ 667.5, subd. (b)); and a no probation prior (§ 1203, subd. (e)(4)).

The court sentenced appellant to 33 years to life: 25 years to life to run concurrently for the four felonies; three years consecutively for the great bodily injury enhancement; five years consecutively for the prior serious felony conviction; and a 140-day concurrent jail term for the three misdemeanors.

In November 2013, appellant, acting in propria persona, filed a motion for resentencing pursuant to the recently enacted Three Strikes Reform Act of 2012

2

(§ 1170.126 et seq.) (Act).[2] The court deemed the motion a petition for recall of sentence and denied it without prejudice. The court found that because appellant had been convicted of two serious and/or violent felonies (assault with personal use of a deadly weapon and assault with the infliction of great bodily injury) he was ineligible for resentencing. The court also noted that as part of his current commitment, appellant had received two concurrent 25-years-to-life sentences for each of the attempted vehicle theft convictions and appointed counsel to determine what rights, if any, appellant might have under the Act. In December, appointed counsel advised the court she had concluded it would not be in appellant's "best interest" to file a petition to recall the sentence.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to two possible but not arguable issues: (1) whether the court erred in concluding appellant did not qualify for recall of sentence and resentencing under the Act, and (2) whether appointed counsel

---

[2]    In his motion, appellant states he was committing an automobile burglary when the owner approached and attacked him. According to appellant, he defended himself and maintained the owner was not injured in the ensuing "fist fight." Although this is the only information in the record concerning the incident underlying his convictions, it is inconsistent with the jury's guilty verdicts and the great bodily injury and personal use of a deadly weapon findings. Appellant filed a prior appeal in this case: D034261. That appeal, which related solely to a sentencing issue, does not include a statement of facts concerning the underlying crimes.

was ineffective for failing to file a petition for recall of the two concurrent 25-years-to life sentences on the attempted vehicle thefts.

We granted appellant permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonable arguable appellate issues. Competent counsel has represented appellant on this appeal.

DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

4